UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CRAIG SPURLOCK,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>  Defendant. | No. 2:23-cv-00467-JHC<br><br>**STIPULATED PROTECTIVE ORDER** |

## I.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, this Court enters the following order, in similar form to the Western District's form Stipulated Protective Order. This agreement is consistent with LCR 26(c).

The Protective Order does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle either Party to file confidential information under seal.

**STIPULATED PROTECTIVE ORDER- 1**
**NO. 2:23-cv-00467-JHC**

## II.   CONFIDENTIAL MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged in discovery:

Claims training and procedure manuals, other similar materials that contain or consist of trade secrets, confidential, internal-use only, proprietary research and development, or other commercial information relating to first-party property coverage and/or claims, including but not limited to the following specific documents effective during the handling of Plaintiff's claim:

- 71-42; OG; State Farm Premier Service Program (SFPSP) Mitigation Services Program; and
- 75-01; OG; First Party Claims Guidelines.

The Parties retain the right to seek by stipulation or motion to enlarge this list as discovery proceeds in the event that any Party seeks additional information not included in the above description which is entitled to protections and is otherwise discoverable under Rule 26 and the local rules.

## III.   SCOPE

3.1   The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. Confidential material is not considered part of the public domain at trial or otherwise when Parties adhere to sections 4.2 and 4.3. All such information retains its confidential protections if use was pursuant

**STIPULATED PROTECTIVE ORDER - 2**
**NO. 2:23-cv-00467-JHC**

to a Protective Order, Confidentiality Agreement, Order of a Court, governmental subpoena, regulatory compliance activity, or inadvertent disclosure that was subsequently remedied.

3.2     Nothing in this Order shall be construed to prohibit, restrict, or require State Farm to obtain an authorization for the retention, use, or disclosure of nonpublic Confidential Information and records as authorized or as reasonably required by its Information Retention Schedules, federal or state law or regulation, or court order, rule; including but not limited to reporting to or for: Medicare authorities if reporting is applicable; a third-party for analysis of records in anti-fraud efforts (using non-fraudulent data to benchmark); rate-making or otherwise; and retaining reports in paperless electronic claim systems for permissible insurance functions. Nothing in this order shall prevent State Farm from retaining all documents necessary for regulatory compliance activities, nor from producing any documents necessary for regulatory compliance activities.

### IV.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1     <u>Basic Principles</u>. Named Plaintiff Craig Spurlock may use confidential material that is disclosed or produced by State Farm in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving Party may disclose any confidential material only to:

**STIPULATED PROTECTIVE ORDER - 3**
**NO. 2:23-cv-00467-JHC**

(a) The receiving Party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) The officers, directors, and employees (including in-house counsel) of State Farm to whom disclosure is reasonably necessary for this litigation;

(c) Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Parties must provide signed Acknowledgments from each expert at the time of testimony at deposition or trial, as applicable. *See* Fed. R. Civ. P. 26(a)(2);

(d) The court, including the court reporters and other court staff and personnel, mediators, arbitrators, jury consultants, or factfinder(s) while in trial;

(e) Copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

**STIPULATED PROTECTIVE ORDER - 4**
**NO. 2:23-cv-00467-JHC**

(h)     The Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law.

4.3     <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party in accordance with LCR 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating Party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. LCR 5(g) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal. A Party who seeks to maintain the confidentiality of its information must satisfy the requirement of LCR 5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied without prejudice.

## V.     DESIGNATING PROTECTED MATERIAL

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party that designates information or items for protection under this Order must take care to limit any such confidential designation to specific material that qualifies under the appropriate standards. The designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

**STIPULATED PROTECTIVE ORDER - 5**
**NO. 2:23-cv-00467-JHC**

Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the designating Party to sanctions.

If it comes to a designating Party's attention that information or items that it designated for protection do not qualify for protection, the designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (*see, e.g.*, section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating Party must affix the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the designating Party must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as

**STIPULATED PROTECTIVE ORDER - 6**
**NO. 2:23-cv-00467-JHC**

confidential. If a Party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection, the producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

### VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference

**STIPULATED PROTECTIVE ORDER - 7**
**NO. 2:23-cv-00467-JHC**

with other affected Parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good-faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the designating Party may file and serve a motion to retain confidentiality under LCR 7 (and in compliance with LCR 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## VII.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

7.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," that Party must:

(a)     Promptly notify the designating Party in writing and include a copy of the subpoena or court order;

(b)     Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order, and such notification shall include a copy of this Order; and

**STIPULATED PROTECTIVE ORDER - 8**
**NO. 2:23-cv-00467-JHC**

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose confidential material may be affected.

## VIII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8.1     If a receiving Party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8.2     Unauthorized disclosure also exposes that Party to sanctions by this Court to the greatest extent allowed by law, including pursuant to Rule 11.

## IX.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

9.1     The inadvertent or unintentional disclosure of confidential information shall not be deemed a waiver in whole or in part of State Farm's claim of protection pursuant to this Protective Order. Any such inadvertently or unintentionally disclosed information shall be designated as confidential as soon as reasonably practicable after a receiving Party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons under the terms of this Order. Upon receipt of the properly designated documents, the receiving Party must return or destroy the non-designated set within three (3) days of being informed of the inadvertent disclosure. If the receiving Party destroys the documents, then the receiving Party must provide written certification of the destruction to the designating party within three (3) days

**STIPULATED PROTECTIVE ORDER - 9**
**NO. 2:23-cv-00467-JHC**

of receipt of the properly designated documents. In addition, the production or disclosure by either Party of an attorney-client privileged, attorney work-product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the Party in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure. If any Party becomes aware of the production or disclosure of such protected information, that Party shall provide written notice, to the designating Party, of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

### X.   NON-TERMINATION AND RETURN OF DOCUMENTS

10.1   Within sixty (60) days of the final determination of this action, including all appeals, the receiving Party must shred (if paper) or delete (if electronic) all confidential materials themselves, as well as all copies, extracts, notes, reports, memoranda, summaries thereof, or other documents containing such confidential information. Alternatively, the Parties may agree upon appropriate methods of destruction. Additionally, a receiving Party that discloses State Farm's confidentially designated material to experts and consultants shall provide written confirmation that the receiving experts and consultants have returned and/or destroyed all confidential material received (without limitation to the foregoing list of documents) as well as all notes, memoranda, and other materials derived from or in any way revealing information relating to the confidential material.

10.2   Notwithstanding this provision, counsel may retain one archival copy of all documents filed with the court, subject to all requirements of this Order, for a period of seven (7) years after the termination of this action, including all appeals. Counsel's one archival copy is for

**STIPULATED PROTECTIVE ORDER - 10**
**NO. 2:23-cv-00467-JHC**

the sole and exclusive purpose of complying with any Rule of Professional Conduct and ethical obligations owed to their respective clients. After such period, all materials that contain confidential information must be shredded (if paper) or deleted (if electronic).

10.3 The confidentiality obligations imposed by this agreement shall remain in effect until the Court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

| **SINARS SLOWIKOWSKI TOMASKA LLC**<br><br>By: *s/James D. Hicks*<br>    James D. Hicks, WSBA #36126<br>    jhicks@sinarslaw.com<br><br>By: *s/Christopher Furman*<br>    Christopher Furman, WSBA #57143<br>    cfurman@sinarslaw.com<br><br>1000 Second Avenue, Suite 1950<br>Seattle, WA 98104<br>Telephone: (206) 705-2115<br><br>Attorneys for Defendant State Farm Fire and Casualty Company<br><br>Dated this 12th day of December, 2023. | **CASCADE LAW PLLC**<br><br>By: *s/Umar I. Gebril*<br>    Umar I. Gebril, WSBA #58227<br>    umar@cascade.law<br><br>2707 Colby Avenue, Suite 1420<br>Everett, WA 98201<br>Telephone: (425) 998-8999<br><br>Attorneys for Plaintiff Craig Spurlock<br><br>Dated this 12th day of December, 2023. |
|---|---|

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. *See* Fed. R. Evid. 502(d). This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing Party.

This order resolves the motions at Dkt. ## 19, 24, and 41.

DATED this 12th of December, 2023.

_____
John H. Chun
UNITED STATES DISTRICT JUDGE

**STIPULATED PROTECTIVE ORDER - 12**
**NO. 2:23-cv-00467-JHC**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Washington on this _____ day of _____, 202__, _____ in the case of *Craig Spurlock v. State Farm Fire & Casualty Company*, no. 2:23-cv-00467-JHC. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Within sixty (60) days of the final determination of this action, I shall provide written confirmation to counsel of record for Plaintiff that documents produced by State Farm (or disclosing the contents of documents) designated by State Farm as "Confidential" ("Confidential Information") has been shredded (if paper) or deleted (if electronic), including the shredding and deletion of all copies, extracts and summaries thereof.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**STIPULATED PROTECTIVE ORDER - 13**
**NO. 2:23-cv-00467-JHC**