UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG SPURLOCK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　　　Defendant. | CASE NO. 2:23-cv-00467-JHC<br><br>ORDER |

　　　This matter comes before the Court on State Farm's Motion for Reconsideration. Dkt. # 80. "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). State Farm does not satisfy this standard.

　　　State Farm says that the Court erred by granting in part Spurlock's motion for partial summary judgment because "[t]here is a genuine issue of material fact about whether the sump pump is located 'inside the interior of the dwelling.'" Dkt. # 80 at 1. To support its position, State Farm points to the depositions of Spurlock's experts. *Id.* at 2. Spurlock's coverage expert,

ORDER - 1

Damian Arguello, testified that State Farm's denial of coverage "could be a reasonable construction of the policy." Dkt. # 59 at 15. Spurlock's other expert, Wes Snowden, said that the sump pump well was located "outside of the house." *Id.* at 8.

The interpretation of a contract is "an ultimate question of law upon which the opinion of an expert may not be given." *PMI Mortg. Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 291 F. App'x 40, 41 (9th Cir. 2008); *see also Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (noting that interpreting the written terms of a contract is "is the distinct and exclusive province of the trial judge" (quoting *United States v. Weitzenhoff,* 35 F.3d 1275, 1287 (9th Cir.1993)). The Court properly did not consider Arguello's opinion about the interpretation of the contract terms.

As to Snowden's opinion, the question before the Court was not whether the sump pump was "outside of the house," but whether it was "inside the interior of the dwelling" as defined in the insurance contract. Thus, Snowden's opinion on the location of the sump pump does not show a dispute of material fact.

State Farm has not pointed to any disputed material facts extrinsic to the insurance contract. *See Kries v. WA-SPOK Primary Care, LLC*, 190 Wash. App. 98, 119–20, 362 P.3d 974, 983 (2015) ("[T]he trial court should deny a summary judgment motion regarding interpretation of a contract provision when (1) the interpretation depends on the use of extrinsic evidence or (2) more than one reasonable inference can be drawn from the extrinsic evidence."). State Farm merely disagrees with the Court's interpretation of the BUSD endorsement, but it does not dispute any of the facts about the physical location of the sump pump. Thus, State Farm has not shown manifest error.

State Farm also says that the Court's grant of summary judgment on the breach of contract claim conflicts with its denial of summary judgment on the bad faith, CPA, and ICFA

ORDER - 2

claims. Dkt. # 80 at 1. But bad faith, CPA, and IFCA claims are governed by different standards compared to breach of contract claims. As the Court noted in the Order, "[a] breach of an insurance contract is not automatically considered bad faith." Dkt. # 79 at 11 (citing *Smith v. Safeco Ins. Co.*, 150 Wash. 2d 478, 484, 78 P.3d 1274, 1277 (2003)); *id.* at 18 (noting that breach of the duty of good faith is an unfair practice under the CPA); *id.* at 19 (applying the bad faith standard to IFCA claims). Whether the insurer acted in bad faith is a question of fact, and a court may only grant summary judgment if "there must be no disputed facts pertaining to 'the reasonableness of the insurer's action in light of all the facts and circumstances of the case.'" *Smith*, 150 Wash. 2d at 486, 78 P.3d at 1278 (quoting *Indus. Indem. Co. of the Nw. v. Kallevig*, 114 Wash. 2d 907, 920, 792 P.2d 520, 528 (1990)). While the Court concluded that the terms of the contract were not ambiguous, it cannot determine as a matter of law that State Farm acted unreasonably "in light of all the facts and circumstances of the case'" when it denied Spurlock's claim. *Id.*

Last, State Farm says that the Court erred by granting Spurlock's motion as to affirmative defenses 12, 13, and 14. This argument relies on the reasoning discussed above and fails for the same reasons.

The Court thus DENIES the motion for reconsideration. Dkt. # 80.

Dated this 17th day of December, 2024.

John H. Chun
United States District Judge

ORDER - 3