UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

CRAIG SPURLOCK, an individual,

                                  Plaintiff,

     v.

STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurer,

                                  Defendant.

Case No. 2:23-cv-00467-JHC

**ORDER ON PLAINTIFF CRAIG SPURLOCK'S MOTIONS *IN LIMINE***

THIS MATTER comes before the Court on Plaintiff's Motions *in Limine*. Dkt. # 77. The Court has reviewed the records submitted and those in the clerk's file and being fully advised, IT IS ORDERED that Plaintiff's Motions *in Limine* are granted, reserved, or denied as follows, with specific reference to the motions as numbered in Plaintiff's Motion *in Limine*:

1. **Arguments or Evidence that Mr. Spurlock failed to comply with IFCA notice requirement:** No mention, evidence, comment, question, testimony, opinion, or argument stating, inferring, or otherwise implying that Mr. Spurlock failed to comply with any notice requirement under the Insurance Fair Conduct Act.

    GRANTED.

2. **Legal Opinions/Conclusions or Statements of the Law from Claims Handling Experts:** No opinions from claims handling experts on what the law is or ultimate conclusions of law, specifically including but not limited to certain portions of the report submitted by David Mandt and identified by Plaintiff in his motion.

    GRANTED. This applies to both parties.

3. **Arguments or Evidence on Effect on Insurance Rates or Premiums:** No arguments or evidence about the possible effect(s) of any insurance rates or premiums, either for any party individually, State Farm's other customers, or any other group.

   GRANTED.

4. **Reference to Motions *in Limine*:** No arguments, evidence, or references to the fact that motions *in Limine* were filed or the Court's rulings on them, with exception to timely and concise objections to the extent a party believes one of the Orders was violated.

   GRANTED.

5. **Exclusion offers of compromises or settlements:** No mention, comment, question, testimony, opinion, or argument referencing any of the parties' settlement negotiations, offers, or post-litigation rejected payments, including (but not limited to), Plaintiff's settlement demand in his IFCA notice, State Farm's IFCA Response counteroffer, settlement negotiations, and non-economic damages estimates to which Plaintiff asserted Fed. R. Evid. 408 in Plaintiff's Initial Disclosures.

   GRANTED.  This applies to both parties.

6. **Timing of or circumstances surrounded the hiring of counsel:** No mention, comment, question, testimony, opinion, or argument referencing the timing or circumstances under which Plaintiff employed counsel.

   GRANTED.  This applies to both parties.

7. **Taxability of Recovery:** No mention, comment, question, testimony, opinion, or argument referencing the taxability of Plaintiff's damages or monetary recovery.

   GRANTED.

8. **Undisclosed Witnesses, Expert Witnesses, and/or Expert Opinions:** The parties are prevented from calling any undisclosed witness, including any undisclosed expert witness, or undisclosed expert opinion, with the exception of rebuttal testimony.

   GRANTED.  This applies to both parties.

9. **Parties Cannot Retry Issues Decided by Dispositive Motion:** No mention, comment, question, testimony, opinion, or argument referencing issues decided by dispositive motions.

   GRANTED.  This applies to both parties.

10. **David Mandt May Not Misstate the Law Before the Jury:** Mr. Mandt may not opine or otherwise offer testimony misstating the law before the jury.

    GRANTED. This applies to all expert witnesses for both parties.

11. **No Mention of Mr. Spurlock's Prior Lawsuit and/or Prior Criminal Convictions:** No mention, comment, question, testimony, opinion, or argument referencing Mr. Spurlock's prior civil lawsuit or criminal convictions.

    GRANTED.

12. **Arguments that Mr. Spurlock bears "fault" for causing damage to his home:** No mention, comment, question, testimony, opinion, or argument asserting that Mr. Spurlock bears "fault" or was negligent in *causing the March 2022 water loss*.

    GRANTED. This ruling does not preclude State Farm from pursuing its affirmative defenses.

13. **Referencing or admitting the complaint or attempting to impeach any witness by reference to the legal complaint:** No mention, comment, question, testimony, opinion, or argument referencing Mr. Spurlock's legal Complaint.

    RESERVED.

14. **Impeachment of Mr. Spurlock by correspondence to letters sent by his attorney:** No cross-examination or attempt to impeach Mr. Spurlock by reference to letters sent by his attorney after State Farm had denied coverage.

    RESERVED.

15. **General Damages Not to Be Reduced to Present Value:** No mention, comment, question, testimony, opinion, or argument referencing the reduction of general damages to present value.

    RESERVED.

16. **Any Mention Juxtaposing Plaintiff's Request for Damages with Politically Charged Terminology:** No mention, comments, questions, testimony, opinions, or arguments juxtaposing the Plaintiff's request for damages with "winning the lottery," "getting rich," "hitting the jackpot," "striking it big," or other similar politically charged statements.

    RESERVED.

17. **No Mention or Comment on a Witness or Party's Absence from Trial:** No mention, comment, question, testimony, opinion, or argument referencing the

presence or lack thereof of a witness or party from trial.

RESERVED.

18. **No Post-Denial Evidence:** No evidence, mention, comment, question, testimony, opinion, or argument referencing or supporting State Farm's evaluation obtained after State Farm completed its investigation; State Farm may only justify its investigation and evaluation based on what it knew at the time.

RESERVED.

19. **No Evidence, Testimony, or Argument that State Farm Considered Future Damages in its Evaluation:** No mention, comment, question, testimony, opinion, or argument that State Farm considered future damages in its evaluation.

DENIED.

20. **David Mandt May Not Speculate About State Farm's Evaluation or Investigation:** No mention, comment, question, testimony, opinion, or argument from David Mandt speculating about State Farm's evaluation or investigation.

RESERVED.

21. **David Mandt May Not Testify that State Farm Acted or was "Reasonable":** No mention, comment, question, testimony, opinion, or argument from David Mandt concluding, opining, or otherwise implying that State Farm acted reasonably.

RESERVED.

22. **David Mandt May Not Testify as to what State Farm and its Employees/Agents Knew:** No mention, comment, question, testimony, opinion, or argument from David Mandt speculating about what State Farm and/or its employees and agents knew or did not know.

RESERVED.

DONE this 20th day of December, 2024.

_____
John H. Chun
United States District Judge

ORDER ON PLAINTIFF'S MOTIONS *IN LIMINE*
Case No. 2:23-cv-00467-JHC
Page 4 of 4